IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON R. COLLINS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 13-3044 |
| SIANI'S SALVAGE, LLC, d/b/a SIANI'S 24 HOUR TOWING AND RECOVERY, MIGUEL CABAN & JOHN DOE, | |
| Defendants. | |

### MEMORANDUM OPINION

**SCHMEHL, J.**                                                                                    **MARCH 24, 2014**

This matter involves Defendants' repossession of Plaintiff's vehicle pursuant to a loan Plaintiff obtained from a Delaware lender, Dominion Management of Delaware t/a Cashpoint. Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Docket No. 4). Plaintiff has responded to this Motion, and additional replies, sur-replies and a "Notice of New Authority" (Docket No. 14) have been filed. Defendants' Motion is therefore ready for decision. For reasons set forth below, I will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

### I.     FACTS

Plaintiff, Jason R. Collins, ("Plaintiff" or "Collins") is a citizen of Pennsylvania, residing at 8636 Williams Avenue, Philadelphia. (Compl. ¶ 1.) Plaintiff owned a 2006 Hyundai Sonata which was titled, registered and licensed in Pennsylvania, where the

vehicle was kept. (Compl. ¶¶ 8-10.) On October 1, 2012, Collins traveled to New Jersey and obtained a $1,000.00 loan from Cashpoint, secured against his vehicle.[1] (Compl. ¶¶ 8, 11, 12, Ex. P-1.) Plaintiff entered into a Loan Agreement with Cashpoint, which required him to make his first payment on November 1, 2012, then on the first of the month thereafter through May 1, 2013. (Compl. Ex. P-1 at p. 1.) Plaintiff was required to make total payments of $1,844.43 as of April 1, 2013, then was required to make a final payment of $1,331.53 on May 1, 2013. (Compl. Ex. P-1.) The Loan Agreement stated that Plaintiff's failure to pay the full amounts when due would result in a default. (Id. at ¶ 8.) The Loan Agreement stated that "[u]pon occurrence of any event of default, to the extent permitted by applicable law, the LENDER may at its option, without notice or demand . . . foreclose upon its lien and liquidate any Collateral securing this Agreement according to law, including by using self-help repossession." (Id. at ¶ )

Plaintiff made his first payment to Cashpoint on November 13, 2012, despite the fact that it was due on November 1, 2012. (Compl. Ex. P-3.) Collins then made payments to Cashpoint on December 24, 2012, January 22, 2013, and February 19, 2013. (Id.) Plaintiff's payments to Cashpoint totaled $1,293.13 as of April 1, 2013, not $1,844.43 as required by the Loan Agreement. (Id.) On April 6, 2013, Defendants repossessed Plaintiff's car on behalf of Cashpoint. (Compl. ¶ 19.) On June 3, 2013, Collins filed a Complaint in this Court, instituting suit against Defendants, claiming that Pennsylvania law applies to the loan and that the loan is usurious under Pennsylvania law. (Compl. ¶ 14.)

---

[1] Cashpoint also charged Plaintiff a $27.50 "lien fee" which was included in the principal amount owed by Plaintiff. (Compl. Ex. P-1 at p.1.)

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

## III. DISCUSSION

Plaintiff's Complaint sets forth claims against Defendants for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.4, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), all arising from the repossession of Plaintiff's vehicle. For the following reasons, I find that Plaintiff

has failed to state a claim upon which relief can be granted, and the Complaint must therefore be dismissed under Rule 12(b)(6).

### A. FDCPA

The Fair Debt Collection Practices Act prohibits debt collectors from:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if – (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest.

15 U.S.C § 1692f(6)(A). This same conduct is also a violation of the FCEUA. 72 P.S. § 2270.4(a). The FDCPA states that for purposes of § 1692f(6)(A), "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692(a)(6). Plaintiff claims that Siani qualifies as a debt collector under section 1692f(6) of the FDCPA. (Compl. ¶ 4.)

It is Plaintiff's position that the loan he entered into with Cashpoint was governed by Pennsylvania law, was usurious and illegal under Pennsylvania law and therefore, was uncollectable by Siani. (Compl. ¶¶ 17-18.) Plaintiff then reasons that because the loan in question was usurious and uncollectable, by repossessing the vehicle, Siani sought to collect an uncollectable debt in violation of the FDCPA. (Compl. ¶¶ 25-26.)

Siani's position is that Plaintiff's vehicle was collateral for the loan entered into between Plaintiff and Cashpoint, Collins defaulted on the loan in question prior to April 6, 2013, and the Loan Agreement gave Cashpoint the right to repossess the vehicle upon default. (Def's Brief in Support of Mtn to Dismiss, p. 16.) Plaintiff then argues that he paid Cashpoint $1,293.13, which "completely satisfied the principal on his loan" and also "paid [Cashpoint] $265.63 of interest;" therefore, he was not in default. (Compl. ¶¶ 15-

4

16, Pl's Opposition to Mtn to Dismiss at p. 13.) Plaintiff reaches this conclusion by reasoning that if Pennsylvania law applies to the loan, it limits interest on such a loan to 6% ($61.62 in this case). Therefore, $265.63 was paid over and above the principal amount loaned to Collins of $1,027.50, which Plaintiff contends more than satisfies the 6% interest permitted by Pennsylvania law.

      I find Plaintiff's argument to be without merit. In arguing that he is not in default under the loan, Collins fails to address the fact that his loan payments were due on the 1st of the month, starting with November 1, 2012, and that he failed to make a single payment to Cashpoint by the first of the month. The exhibits attached to the Complaint clearly show that Plaintiff's payments were made on November 13, 2012, December 24, 2012, January 22, 2013 and February 19, 2013. (Compl. Ex. P-3.) Accordingly, Collins clearly was in default under the Loan Agreement for failing to make a single on-time payment, as well as for failing to pay the full amount due. Therefore, because of Plaintiff's default, Siani had a present right to possession of Collins' car on April 6, 2013.

      Further, a recent decision by my colleague, the Honorable Legrome D. Davis in Gonzalez v. DRS Towing, LLC, et al, No. 12-5508 (E.D. Pa. Feb. 28, 2013), is instructive in this matter, as it addressed a nearly identical set of facts. In Gonzalez, the plaintiff, a Pennsylvania resident, traveled to Delaware and obtained a loan at 365% interest from Northeastern Title Loans, secured by a lien on her vehicle. Plaintiff defaulted on the loan by failing to make timely payments. As in the instant case, the loan agreement stated that failure to make timely monthly payments could result in a declaration of default and the lender would have the right to take possession of the vehicle. This right to take possession included self-help repossession.

The plaintiff in Gonzalez made only one payment under the loan agreement and was then declared to be in default. Thereafter, the lender hired DRS Towing to repossess Plaintiff's vehicle. In Gonzalez, as in our case, Plaintiff claimed the towing company violated the FDCPA and RICO by repossessing her car. Defendant filed a motion to dismiss, which was granted by Judge Davis.

Judge Davis summarized Plaintiff's FDCPA argument as follows: "Assuming Defendants qualify as debt collectors for the purposes of this motion[2], Plaintiff's FDCPA claim can survive only if ... Defendants lacked a 'present right' to possess Plaintiff's Cadillac as collateral." Gonzalez, at p. 4. In response, "Plaintiff argues that Defendants had no right to possess her Cadillac because the loan's interest rate exceeded six percent, and thus violated Pennsylvania usury law." Id. Defendants argued Delaware law applies to the loan instead of Pennsylvania law. Judge Davis found that a choice-of-law analysis was not necessary, because Plaintiff's Complaint failed under both Delaware and Pennsylvania law. Judge Davis explained:

> Pennsylvania's usury statute prohibits interest charges higher than six percent per year. 41 P.S. § 201. Where a loan interest rate exceeds that amount, the debtor is not required to pay the creditor the excess over the six percent. Rather, the debtor may lawfully retain and deduct the excess amount from the debt, so long as the "debtor gives notice of the asserted excess to the creditor." Id. § 501. The usurious contract, however, is not void. See Mulcahy v. Loftus, 267 A.2d 872, 873 (Pa. 1970). Rather, the debtor is limited to pursuing a claim against the creditor for statutory (treble) damages. See 41 P.S. § 402.
>
> In this case, even if we assume Northeastern Title's interest rate violates Pennsylvania's usury statute, the loan is not invalidated. Rather, the

---

[2] In a footnote, Judge Davis pointed out that courts have consistently found that repossession agencies are not considered "debt collectors" under the FDCPA. Gonzalez at p. 7, n. 6., citing Montgomery v. Huntingdon Bank, 346 F.3d 693, 699 (6th Cir. 2003) (examining legislative history to conclude that "…a repossession agency ... does not fall within the definition of a 'debt collector' under the FDCPA); Jordan v. Kent Recovery Serv's, Inc., 731 F.Supp. 652, 656-59 (D. Del. 1990) (same).

> usurious loan would entitle Plaintiff to pursue a claim against Northeastern Title for recovery of statutory damages. Moreover, Plaintiff concedes that she did not make a timely payment as required by the valid loan agreement. Plaintiff's failure to make a timely minimum interest payment permitted Northeastern Title to find Plaintiff in default of the loan, which it did on September 27, 2011. Once Plaintiff was in default of the loan, Defendants had the right to repossess Plaintiff's vehicle. Therefore, Defendants had the present right to possess Plaintiff's Cadillac when it towed her vehicle. Accordingly, Plaintiff fails to state a claim under the FDCPA and her claim must be dismissed.

Gonzalez, at p. 6 (footnote omitted).

Judge Davis' reasoning in Gonzalez is instructive and persuasive in the instant matter. I also find that even if it is assumed that Pennsylvania law applied to the loan in question, and that Pennsylvania law would find the interest rate for the loan to be usurious, Plaintiff's claim still must fail. If Pennsylvania law did apply and the interest rate in question was usurious, the Loan itself would not be invalidated. Rather, as discussed by Judge Davis, if it was determined that the loan was usurious, Collins could pursue Cashpoint for statutory damages. The loan itself would not cease to exist due to this violation of Pennsylvania usury law and the contractual right to repossess the vehicle upon default would continue. Even applying Pennsylvania law as requested by Collins, the loan would remain in effect, and upon default, all remedies contained in the loan agreement would be available to Cashpoint, including self-help repossession.[3]

As Collins defaulted on his loan by failing to make timely payments by the first of the month, as well as for failing to pay the full amount owed, Cashpoint had a "present right to possession" of his vehicle. Therefore, Siani's repossession of Plaintiff's vehicle

---

[3] Plaintiff's Complaint under the FDCPA would also fail if Delaware law was found to apply to the Loan Agreement, because Delaware has no usury law. Kaneff v. Delaware Title Loans, Inc., 587 F.3d 616 (3d Cir. 2009).

7

was proper, and Plaintiff's claim for a violation of the FDCPA fails to state a claim upon which relief can be granted. [4]

### B. RICO

Collins also brings a claim against Caban and John Doe for violation of RICO, 18 U.S.C. § 1962(c) for using Siani for collection of an unlawful debt. (Compl. ¶ 28.) In order to establish a RICO claim under section 1962(c) for collection of an unlawful debt, Plaintiff must set forth facts that allege 1) an enterprise affecting interstate commerce; 2) Defendant was employed or associated with that enterprise; 3) Defendant conducted or participated, directly or indirectly, in the conduct of such enterprise; and 4) Defendant participated in the collection of an unlawful debt. See 18 U.S.C. § 1962(c); see also United States v. Urban, 404 F.3d 754, 769 (3d Cir. 2005) (quoting United States v. Irizarry, 341 F.3d 273, 285 (3d Cir. 2003)).

Plaintiff's Complaint alleges that Caban "conducts the affairs of Siani's Salvage or participates in the affairs of Siani's Salvage through the collection of unlawful debt in violation of 18 U.S.C. § 1962(c)." (Compl. ¶ 35.) Further, the Complaint alleges that Caban "directs Siani's Salvage to collect unlawful debt from borrowers who are citizens of Pennsylvania," and that he "directed or participated in the repossession of the plaintiffs' [sic] vehicle to collected [sic] an unlawful debt." (Compl. ¶ 36.) The Complaint makes identical allegations against a John Doe defendant. (Compl. ¶¶ 37-38.)

---

[4] Collins attempts to distinguish Gonzalez from the instant set of facts by arguing that the plaintiff in Gonzalez never repaid an amount equivalent to the principal of the loan as Collins did. I find this distinction to be immaterial. Both Collins and the plaintiff in Gonzalez were in default under the terms of their respective loan agreements. Collins had full knowledge of the terms of the agreement and had agreed to them. Pursuant to each loan agreement, a default, no matter what type or what the cause, gives the lender the right to repossess the car.

Defendants argue that these allegations are legal conclusions that lack factual specificity and fail to satisfy the pleading requirements of RICO. (Defs' Mtn to Dismiss, p. 22.)

RICO defines "unlawful debt" as "a debt (A) which is incurred or contracted in gambling activity..., or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling … or the business of lending money or a thing of value at a usurious rate under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6). Defendants argue that Plaintiff has not alleged that they collected money from him or engaged in any debt collection activity, and that repossession of collateral is not collection of a debt. (Defs' Brief in Support of Mtn, pp. 22-23.)

I again turn to the opinion of my esteemed colleague Judge Davis in Gonzalez. In that case, Judge Davis rejected a nearly identical RICO claim for collection of unlawful debt premised on an allegedly usurious loan.  See Gonzalez, pp. 7-8. Judge Davis stated as follows:

> Plaintiff confuses the collection of unlawful debt with the collection of collateral for that debt. When Defendant repossessed Plaintiff's Cadillac, he was not collecting the debt that Northeastern Title alleged it was owed under the loan agreement.  Rather, Defendant was repossessing the collateral for that debt. Therefore, Plaintiff's Complaint does not sufficiently allege that Defendant participated in the collection of unlawful debt, which is a necessary element of Plaintiff's RICO claim under § 1962(c).

Id.  Further, as noted in Gonzalez, Plaintiff has failed to cite to any case that held a repossession agency liable for the "collection of unlawful debt" under §1962(c). Gonzalez, p. 7, n. 6.

9

Once again, I find Judge Davis' decision to be well-reasoned and persuasive. Clearly if RICO would not apply in the Gonzalez case, it would not apply here. Collins argues that Defendants are liable under RICO because they engaged in the collection of "unlawful debt," but Defendants were merely engaged in the repossession of collateral. Repossession of collateral by a towing company does not give rise to a claim under RICO for collection of an unlawful debt.  Therefore, Plaintiff's Complaint does not sufficiently allege that Defendants participated in the collection of an unlawful debt, fails to state a claim under RICO, and should be dismissed with prejudice.[5]

### IV. CONCLUSION

For the foregoing reasons, I grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

---

[5] As I am dismissing Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted, I do not need to address Defendants' arguments regarding joinder of Cashpoint as an allegedly indispensable party.